UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DWAYNE S. MONTGOMERY,

    Plaintiff,

    v.

C. NOLL; et al.,

    Defendants.
                               /

No. C 06-4407 SI (pr)

**ORDER OF SERVICE**

### INTRODUCTION

Dwayne S. Montgomery, a prisoner at Salinas Valley State Prison in Susanville, California, filed this pro se civil rights action under 42 U.S.C. § 1983. His amended complaint is now before the court for review pursuant to 28 U.S.C. §1915A. His motions for appointment of counsel and for a preliminary injunction also are before the court for consideration.

### BACKGROUND

The amended complaint in this action alleges the following: On December 29, 2005, inmate V. Acosta was assigned as Montgomery's cellmate. Acosta had just been released from administrative segregation, where he had been housed because he assaulted his previous cellmate. Within hours of his arrival, Acosta became belligerent toward Montgomery and Montgomery was concerned he would be harmed by Acosta. On December 31, 2005, Montgomery began his efforts to get moved away from Acosta. On December 31, 2005 and January 1, 2006, Montgomery informed correctional officers DeCree, Ruggles, and Cervantes

that Acosta was threatening to harm him and that Montgomery feared for his safety, but none of the correctional officers separated the inmates. Sergeant E. Jones and correctional officer Darrett also were alerted to the danger, but did not separate the two inmates. On January 1, at about 8:00 p.m., Montgomery laid down on his bed to rest and later was awakened by Acosta attacking him. During the attack, Montgomery was knocked down and hit his head and back. A correctional officer responded to the cell fight, stopped it, and separated the inmates. Montgomery received medical care that day and on later occasions for his back and neck problems. Montgomery still has back pain and fears being attacked by future cellmates.

A rule violation report was issued that charged Montgomery with mutual combat. He later was found not guilty of that charge. The amended complaint describes the activities of the various persons who were involved in the disciplinary proceedings.

In his amended complaint, Montgomery identifies two "counts": breach of a duty to protect him and "failure to act to remedy a wrong."

## DISCUSSION

A.  The Amended Complaint

   1.  Standards Of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins,

487 U.S. 42, 48 (1988).

### 2. Claims For Relief In Amended Complaint

#### a. Deliberate Indifference To Safety

Prison officials must take reasonable measures to guarantee the safety of prisoners. See Farmer, 511 U.S. at 832. In particular, officials have a duty to protect prisoners from violence at the hands of other prisoners. See id. at 833; Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). A prisoner may state a § 1983 claim against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to a prisoner by another prisoner, see Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).

Liberally construed, the amended complaint states a § 1983 claim against the following individuals for deliberate indifference to Montgomery's safety: correctional officers DeCree, Ruggles, Cervantes, and Darrett, and correctional sergeant N. Jones. Montgomery alleges that he sought help from these defendants to get separated from a cellmate he thought was going to attack him, but they failed to help him. The feared attack happened within a day of Montgomery alerting prison officials to the danger.

#### b. Claim For "Failure To Remedy A Wrong"

Montgomery's second claim in his amended complaint is directed at various individuals who participated in the disciplinary proceedings against him. Montgomery claims that these people failed to remedy a wrong. However, he specifically alleges that he was found not guilty of the disciplinary charge and he apparently received no discipline as a result of the charge. That last fact is fatal to the claim.

Interests protected by the Due Process Clause may arise from two sources--the Due Process Clause itself and laws of the states. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected

manner implicate the Due Process Clause itself, whether or not they are authorized by state law. See Sandin v. Conner, 515 U.S. 472, 484 (1995). Deprivations authorized by state law that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e. give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." See id. at 477-87. The absence of any disciplinary action -- such as placement in the SHU or a time credit forfeiture -- means that Montgomery was not deprived of a liberty interest of real substance. Prison officials did not take any action that resulted in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," Sandin, 515 U.S. at 484, or "inevitably affect the duration of [a] sentence," id. at 487. There was no due process violation under the circumstances.

Additionally, the defendants who learned of the attack only after it occurred cannot be said to have caused it. Those defendants therefore cannot be held liable on the deliberate indifference to safety claim discussed above.

Lastly, Montgomery cannot state a claim for relief based on the handling of his administrative appeal. There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). The denial of an inmate appeal is not so severe a change in condition as to implicate the Due Process Clause itself and the State of California has not created a protected interest in an administrative appeal system in its prisons. California Code of Regulations, title 15 sections 1073 and 3084.1 grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal. The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "[n]o reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d). A provision that merely

4

provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also Antonelli, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause). Montgomery had no federal constitutional right to a properly functioning appeal system. An incorrect decision on an administrative appeal, failure to process the appeal in a particular way, or failure to follow up on it therefore did not amount to a violation of his right to due process.

B.   Motion For Appointment Of Counsel

Montgomery filed a motion for appointment of counsel to represent him in this action. (Docket # 6.) A district court has discretion under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factor is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Having considered both of these factors, the court concludes that exceptional circumstances requiring the appointment of counsel are not evident. The motion for appointment of counsel is DENIED.

C.   Motion For A Preliminary Injunction

Montgomery filed a motion for a preliminary injunction that would force prison officials to house him in a single cell, apparently for the duration of his sentence. In his motion, he noted that he had been housed with 7-8 cellmates since the attack by inmate Acosta and does not indicate that any of them have caused him physical harm. Requests for injunctive relief may be analyzed with either of two sets of criteria. The "traditional" test requires the movant to: (1) establish a strong likelihood of success on the merits; (2) show the possibility of irreparable

5

injury to the plaintiff if the preliminary relief is not granted; (3) show a balance of hardships favoring the movant; and (4) show that granting the injunction favors the public interest. See Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). The "alternative" test requires that the movant demonstrate either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in his favor. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003). The motion fails under both tests and therefore is DENIED.

## CONCLUSION

For the foregoing reasons,

1.   Plaintiff's amended complaint states a claim for relief under 42 U.S.C. § 1983 against correctional officers DeCree, Ruggles, Cervantes, and Darrett, and correctional sergeant N. Jones for deliberate indifference to his safety. All other defendants and all other claims are dismissed.

2.   The clerk shall issue summonses and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of this order upon the following five defendants, all of whom apparently are employed at Salinas Valley State Prison:

- correctional officer DeCree
- correctional officer Ruggles
- correctional officer Cervantes
- correctional officer Darrett
- correctional sergeant E. Jones

3.   In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a.   No later than **March 2, 2007**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the

motion is due.

  b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **April 6, 2007**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).)

  c. If defendants wish to file a reply brief, they must file and serve the reply brief no later than **April 20, 2007**.

  4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

  6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely

fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7.  Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

8.  Plaintiff's motion for appointment of counsel is DENIED. (Docket # 6.)

9.  Plaintiff's motion for preliminary injunction is DENIED. (Docket # 8.)

IT IS SO ORDERED.

Dated: December 15, 2006

_____
SUSAN ILLSTON
United States District Judge