UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE S. MONTGOMERY, | No. C 06-4407 SI (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| C. NOLL; et al., | |
| Defendants. | |

This matter is now before the court for consideration of miscellaneous matters.

A.   Service Of Process

The court ordered service of process on five defendants. All five defendants have now appeared in this action. Defendant Eric Jones is represented by private counsel. Defendants Decree, Cervantes and Darrett are represented by the California Attorney General's office. Defendant Ronald Ruggles was represented by the California Attorney General's office and has been voluntarily dismissed from this action.

Plaintiff's "motion for entry by default judgment against defendant Eric Jones" is DENIED. (Docket # 32.) Jones was not in default at the time the motion was made and is not now in default. Ten days before plaintiff moved for default, Jones had filed a waiver of reply and demand for jury trial on April 24, 2007 and served it on plaintiff at his prison address. Federal Rule of Civil Procedure 55(b) contemplates that a default judgment may be sought after default has been entered against a defendant. See also New York Life Ins. Co. v. Brown, 84 F.3d 137 (5th Cir. 1996) ("After defendant's default has been entered, plaintiff may apply for a

judgment based on such default. This is a default judgment."); <u>Lee v. Brotherhood of Maintenance of Way Employees</u>, 139 F.R.D. 376, 380 (D. Minn. 1991). Plaintiff's motion for default judgment was premature because default had not been entered against defendant Jones.

Now that all defendants have been served and have appeared in this action, there is nothing remaining to do with regard to service of process. Plaintiff's various requests in his letters about service of process matters are dismissed as moot.

B.  <u>Schedule For Dispositive Motions</u>

Defendant Jones requested an extension of time to file a summary judgment or other dispositive motion. Jones requested a 120-day extension of time from his April 24, 2007 application (although his proposed order erroneously extended the deadline only until May 1, 2007). Defendants Cervantes, Decree, and Darrett joined in the request for an extension of time to file a dispositive motion, and asked that the deadline be extended until September 3, 2007. Plaintiff opposed the requested extension of time. Upon due consideration of the matter, the court GRANTS the request for extension of time. (Docket # 25.) It is not in the interests of judicial efficiency for the court to have to decide the motions on two different occasions if defendant Jones files one motion and the other three defendants file a separate motion; instead, it promotes the interest of judicial efficiency for everyone to be on the same briefing schedule. The court now sets the following new briefing schedule for <u>all</u> defendants to file their dispositive motion(s):

1. Defendants must file and serve their dispositive motion(s) no later than **September 14, 2007**.

2. Plaintiff must file and serve on defense counsel his opposition to the dispositive motion(s) no later than **October 19, 2007**. Plaintiff is reminded to bear in mind the notice regarding summary judgment in the order of service as he prepares his opposition.

3. Defendants must file and serve their reply brief(s), if any, no later than **November 2, 2007**.

C.     Discovery

Plaintiff has sent some discovery requests to the court. The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process. The court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements. To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. See Fed. R. Civ. P. 37(a)(2)(B); N. D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute.

Plaintiff also requested issuance of two subpoenas he had filled out. The date for production on the subpoenas (i.e., July 28, 2007) is too soon to accomplish service. The clerk will white-out the date on the two subpoenas, issue the subpoenas directed to the litigation department custodian of records for Salinas Valley State Prison and Lt. G. Jordon) and return them to plaintiff for him to cause them to be served. The clerk does not serve subpoenas for parties.

D.      Letters And Requests For Guidance

The parties are urged to <u>not</u> send letters to the court. If someone wants judicial action, that person should follow the normal motion procedure or explain in his letter why he/she did not do so. Additionally, cover letters with routine filings telling the clerk to file the documents enclosed are unnecessary; the clerk knows what to do with pleadings, motions and requests that come to the court in the mail or by hand-delivery.

Plaintiff has filed several letters asking for guidance on litigating this action. The court does not advise unrepresented or represented litigants as to how to litigate their cases or how to accomplish various litigation-related tasks. The parties must figure out on their own how to prepare and present their cases.

IT IS SO ORDERED.

Dated: July 25, 2007

_____
SUSAN ILLSTON
United States District Judge

4